UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES GIBSON,  )<br>      Plaintiff  )<br>  )<br>VS.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>      Defendant  )<br>_____) | C. A. NO: |

## COMPLAINT

### INTRODUCTION

1. This is an action against the Defendant, United States of America, under the Federal Tort Claims Act (FTCA), for negligence in connection with personal injuries which the Plaintiff sustained on March 7, 2017 at the 776 Main Street, Waltham, Massachusetts Post Office.

2. On or about July 5, 2018 or June 29, 2018, Plaintiff, through counsel, presented a "Standard Form 95 Claim for Damage, Injury or Death" to the appropriate Federal agency of the Defendant as required by the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 (See **Exhibit 1** attached hereto and incorporated herein).

3. On or about March 8, 2019, the appropriate Federal agency of the Defendant denied the administrative claim filed against it (See **Exhibit 2** attached hereto and incorporated herein).

4. The Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the FTCA.

5. This Complaint is being filed within six months of receiving the Defendant's final denial of administration claim in accordance with 28 U.S.C. §2401(b).

### PARTIES

6. The Plaintiff, Charles Gibson, is an individual residing in Waltham, Massachusetts.

7. The Defendant is the United States of America and the only proper Defendant in a civil action pursuant to the FTCA.  28 U.S.C. § 2679

8. The Defendant, through its agency, the United States Postal Service, owns, operates, controls, and maintains the post office branch located at 776 Main Street, Waltham, Massachusetts.

## JURISDICTION

9. This court has exclusive jurisdiction over this matter pursuant to the FTCA, 28 U.S.C. § 1346(b).

10. Venue is also proper in this district pursuant to 28 U.S.C. § 1391 and Mass. Local Rule 40.1D.

## FACTUAL ALLEGATIONS

11. This is a case brought against the United States of America under the FTCA, 28 U.S.C. §§ 1346, 2671-2680 which waives sovereign immunity based on the negligence of government employees.

12. On or about March 7, 2017, the Plaintiff was lawfully on the Defendant's premises. Despite exercising great care, the Plaintiff was injured when he slipped and fell on ice.

13. The Plaintiff's fall and resulting injuries were a direct and proximate result of the negligence of the Defendant in failing to use reasonable care in maintaining its premises, and keeping the premises free from potentially dangerous conditions.

## COUNT I – NEGLIGENCE

### Charles Gibson vs. United States of America

14. The Plaintiff hereby restates and incorporates paragraphs 1 through 13 of the Complaint as if specifically set forth herein.

15. The Defendant had a duty of reasonable care to the Plaintiff and the public, in keeping its premises free from defects and potentially hazardous conditions.

16. The Defendant was negligent and breached its duty of care to the Plaintiff by allowing untreated ice to exist on its premises, creating a dangerous, hazardous, and unsafe condition.

17. The Defendant breached its duty of reasonable care to the Plaintiff by failing to adequately warn the Plaintiff of the hazardous and unsafe condition.

18. As a direct and proximate result of the negligence and carelessness of the Defendant in owning, operating, controlling, and maintaining the premises, the Plaintiff suffered severe personal injury, disability, and incurred medical expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant including money damages in the amount of $250,000.00 plus interest, costs, attorney's fees and such further and additional relief at law or in equity that this Court may deem proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Dated:  April 2, 2019

Respectfully submitted,
CHARLES GIBSON
By his Attorney,

*/s/ Russell D. Luiz*

_____
Russell D. Luiz, BBO# 689213
rdl@karsnermeehan.com
KARSNER & MEEHAN, P.C.
128 Dean Street
Taunton, MA 02780
(508) 822-6600